IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) Criminal No. 05-232-1<br>) |
| WILLIAM MICHALOWSKI | ) Civil No. 13-162 |

O P I N I O N

DIAMOND, D.J.

Presently before the court is petitioner William Michalowski's ("petitioner") pro se Motion to Correct Sentence Under 28 U.S.C. §1651 All Writs Act (hereinafter, "§1651 Motion") (Document No. 283) which, for reasons explained below, the court will construe as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Because it is untimely, and there are no grounds for tolling of the limitation period, petitioner's motion under §2255 will be dismissed.[1]

I. **Background**

On December 14, 2005, a grand jury returned a six-count

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, or if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. As explained herein, petitioner's motion is untimely and must be dismissed, thus no hearing is required.

superseding indictment against petitioner and two other co-defendants. Petitioner was charged with two counts of bank robbery, in violation of 18 U.S.C. §2113(a), two counts of armed bank robbery, in violation of 18 U.S.C. §2113(d), and two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2.

On May 9, 2006, while represented by counsel and following an extensive and thorough plea colloquy, petitioner pled guilty pursuant to a written plea agreement to two counts of armed bank robbery and one count of using, carrying and brandishing a firearm during a crime of violence. On August 9, 2006, petitioner was sentenced to a total term of 204 months imprisonment to be followed by a five-year term of supervised release.[2] Defendant did not appeal his conviction or sentence.

On January 31, 2013, petitioner filed his §1651 Motion. On May 3, 2013, the government filed a Motion to Re-characterize the §1651 Motion as a Motion to Correct Sentence Under 28 U.S.C. §2255, and Then Dismiss the Motion (Document No. 287). For reasons explained below, the court will consider petitioner's §1651 Motion as a motion under 28 U.S.C. §2255, and then dismiss the motion because it is untimely.

---

[2]Petitioner was sentenced to 120 months imprisonment at each of the armed bank robbery counts to be served concurrently, and 84 months on the firearm count to be served consecutively to the armed bank robbery counts.

AO 72
(Rev. 8/82)

## II. Petitioner's §1651 Motion is properly construed as a motion under 28 U.S.C. §2255.

Petitioner requests that the court correct his sentence under the All Writs Act, 28 U.S.C. §1651. Petitioner argues in his §1651 Motion that this court misapplied U.S.S.G. §4A1.2(c)(1), relating to the calculation of his criminal history score, thus his advisory guideline sentencing range, and ultimate sentence, were greater than they should have been. Petitioner further contends that his counsel was ineffective for failing to argue that the government did not present any evidence to show that the banks which he robbed were federally insured.

Petitioner's attempt to collaterally attack his sentence by filing a motion under the All Writs Act is unavailing. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. A motion pursuant to 28 U.S.C. §2255 is the means to collaterally challenge a federal conviction or sentence. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Thus, petitioner's §1651 Motion, in which he challenges the computation of his advisory guideline range, asserts that his counsel was ineffective and asks this court to correct his sentence, is a collateral attack on his sentence and should have been filed as a §2255 motion. For this reason, the court will grant the

government's motion to re-characterize petitioner's §1651 Motion as a motion to vacate, set aside or correct sentence filed under 28 U.S.C. §2255.[3]

III. **Petitioner's motion to correct his sentence is untimely.**

Section 2255 motions are subject to a one-year period of limitation established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999). Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1).

Here, petitioner was sentenced on August 9, 2006, and he did not file a direct appeal. Accordingly, petitioner's conviction became final when the time period for filing a notice of appeal expired on August 23, 2006. See United States v. Delgado, 363 Fed. Appx. 853, 854 (3d Cir. 2010). Any §2255 motion was due to be filed within one year of that date, or by August 23, 2007. However, petitioner did not file his pending re-characterized §2255 motion until January 31, 2013. Accordingly, absent a basis

---

[3]Generally, before a district court can re-characterize a pro se litigant's post-conviction motion as a §2255 motion, the district court must provide notice to the litigant of its intention to do so and warn him of the possible consequences of a §2255 classification. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). Here, the court is not required to issue any notice under Castro and Miller because, as discussed below, the motion in question already was barred by the applicable statute of limitations at the time of filing. See United States v. Chew, 284 F.3d 468, 470 (3d Cir. 2002) (holding Miller notice is not required where re-characterized §2255 motion already was barred by the applicable statute of limitations when the motion was filed); Smith v. Nash, 145 Fed. Appx. 727, 728-29 (3d Cir. 2005) (same).

for equitable tolling of the limitation period, petitioner's motion is time-barred under 28 U.S.C. §2255(f)(1).[4]

The AEDPA's limitation period is not jurisdictional and may be equitably tolled in appropriate circumstances. Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010)(§2254 case); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 619 n.1 (3d Cir. 1998)(the one-year limitation period for §2255 cases is subject to equitable tolling). However, the Third Circuit Court of Appeals has cautioned that equitable tolling is a remedy which should be invoked only sparingly. See Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

Generally, a petitioner is entitled to equitable tolling of the AEDPA's one-year limitation period if he can show: (1) that he has been pursuing his rights diligently; and, (2) that some extraordinary circumstance stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012). This conjunctive standard requires a showing of *both* elements before equitable tolling will be permitted. Sistrunk, 674 F.3d at 190.

Consistent with these principles, the Third Circuit has

---

[4] Petitioner does not allege, nor can the court discern, any facts which might trigger tolling under any of the enumerated bases for statutory tolling set forth in 28 U.S.C. §2255(f)(2)-(4). Specifically, there is nothing in the record to warrant tolling on the basis of an impediment created by governmental action in violation of the Constitution or laws of the United States; a newly recognized right made retroactive to cases on collateral review; or, new facts supporting the claim that could not have been discovered through due diligence prior to the expiration of the limitation period.

limited equitable tolling of §2255's limitation period to the following circumstances: (1) where the government has actively misled the petitioner; (2) where the petitioner has in some extraordinary way been prevented from asserting his rights; or, (3) where the petitioner timely asserted his rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In this case, petitioner has not asserted any basis for equitable tolling, and nothing in the record indicates that he is entitled to this remedy. First, petitioner is unable to show that he pursued his rights diligently because he filed his motion well over six years after his judgment of conviction became final without offering any explanation for his extreme delay. Further, petitioner is unable to establish that some extraordinary circumstance stood in his way and prevented him from timely filing his §2255 motion. There is no indication in the record that anyone actively misled petitioner or that he timely asserted his rights mistakenly in the wrong forum. Further, the court can not discern from its review of the record that petitioner has in some extraordinary way been prevented from asserting his rights. Because petitioner is unable to demonstrate both due diligence and "extraordinary circumstances", he is not entitled to equitable tolling of the AEDPA's one-year limitation period.

In sum, this court finds that petitioner's re-characterized §2255 motion is untimely and there is no basis for either statutory or equitable tolling of the applicable one-year

limitation period, thus the motion must be dismissed.[5]

III. **Conclusion**

We conclude that petitioner's motion to vacate, set aside or correct sentence is untimely and must be dismissed.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit states that when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court is correct in its procedural ruling. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings v. Wakefield, 316 Fed. Appx. 177, 179 (3d Cir. 2009).

This court is satisfied that jurists of reason would not find it debatable that petitioner's §2255 motion is time barred, and

---

[5] We note that even if petitioner's motion had been timely filed, he still would not be entitled to any relief under §2255 because he entered into a negotiated plea agreement that contained a provision pursuant to which he agreed to waive his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence. See Document No. 125, Plea Agreement ¶A.6.

jurists of reason would not find it debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will not be issued in this case.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: June 18, 2013

cc: Paul E. Hull
Assistant U.S. Attorney

William Michalowski